Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| WALDO MUÑIZ IRIZARRY; JOSÉ ALFREDO RODRÍGUEZ; ELIZABETH ORTIZ ORENGO<br><br>Apelante<br><br>v.<br><br>ELITE TOWERS, LLC.; LUIS FERNANDO ORTIZ MERCADO; OFICINA DE GERENCIA DE PERMISOS; ESTADO LIBRE ASOCIADO DE PUERTO RICO; AUGUSTO PALMER; AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN; DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES; MUNICIPIO DE GUAYANILLA<br><br>Apelado | **KLAN202300883**<br><br><br>**Consolidado** | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2023CV01350 CONSOLIDADO CON GY2023CV00065<br><br>Sobre: Injunction Estatutario al Amparo del Artículo 14.1 de la Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, Según Enmendada |
| MUNICIPIO DE GUAYANILLA, ET. ALS.<br><br>Apelante<br><br>v.<br><br>ELITE TOWERS, LLC.<br><br>Apelado | **KLAN202300897** | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2023CV01350 CONSOLIDADO CON GY2023CV00065<br><br>Sobre: Interdicto Provisional e Interdicto Estatutario |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de marzo de 2024.

Número Identificador
SEN2024_____

Comparecen Waldo Muñiz Irizarry, José Alfredo Rodríguez Morales y Elizabeth Ortiz Orengo (en adelante, ¨Vecinos¨) y el Municipio de Guayanilla (en adelante, ¨Municipio¨) (en conjunto, ¨apelantes¨), quienes solicitan que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, ¨TPI¨). Mediante la misma: (1) se declararon No Ha Lugar las solicitudes de Injunction Estatutario; (2) se desestimó con perjuicio la causa de acción, y; (3) se ordenó a los demandantes el pago de honorarios de abogado.

Dado que los recursos de apelación de los Vecinos, clasificado alfanuméricamente como KLAN202300883, y del Municipio, clasificado alfanuméricamente como KLAN202300897, plantean errores en la misma Sentencia, ordenamos su consolidación.

Por los fundamentos que expondremos a continuación, se *confirma* la Sentencia apelada.

**I.**

Los hechos de este caso se remontan a la presentación de una solicitud de permiso de construcción por Elite Towers, LLC (en adelante, ¨Elite Towers¨) ante la Oficina de Gerencia de Permisos (en adelante, ¨OGPe¨) para el desarrollo de una facilidad de telecomunicaciones en el Barrio Indios del Municipio de Guayanilla. La OGPe aprobó el permiso de construcción, 2022-451822-PCOC-030128, el 29 de diciembre de 2022, autorizando así la construcción propuesta por Elite Towers.

El 25 de abril de 2023, el Municipio presentó una *Demanda* ante el TPI sobre Injunction Preliminar, Permanente y Estatuario bajo la Ley Núm. 161-2009, clasificado alfanuméricamente como GY2023CV00065, y solicitaron la paralización de las obras de construcción de Elite Towers. El Municipio alegó que el predio de terreno en el que la parte demandada propone construir colinda con

un área residencial altamente poblada y con un área recreativa compuesta por una cancha bajo techo, poniendo así la vida y seguridad de los residentes del área en un peligro inminente.

El 9 de mayo de 2023, el Sr. Waldo Muñiz, Sr. Alfredo Rodríguez y la Sra. Elizabeth Ortiz, vecinos del Barrio Los Indios, presentaron una *Demanda* sobre Entredicho Provisional bajo la Regla 57 de Procedimiento Civil y sobre Interdicto Estatutario bajo el Art. 14.1 de la Ley 161-2009 en contra de Elite Towers y su presidente, Luis Fernando Ortiz Mercado, OGPe, el Estado Libre Asociado de Puerto Rico (en adelante, ¨Gobierno¨), y Augusto R. Palmer Arrache, como dueño del terreno, clasificado alfanuméricamente como PO2023CV01350. También, notificaron como partes indispensables a la Autoridad de Carreteras y Transportación (en adelante, ¨ACT¨), Departamento de Recursos Naturales y Ambientales (en adelante, ¨DRNA¨) y al Municipio.

Los Vecinos solicitaron que el TPI dictara una orden de Entredicho Provisional y, posteriormente, una orden de Interdicto Estatutario contra la parte demandada, ordenándole así a cesar y desistir de construir la torre de telecomunicaciones propuesta. A su vez, alegaron que el terreno en donde estaría ubicada la torre, en su subsuelo es un humedal, área inestable para sostener una torre del tipo que se pretendía instalar.

El TPI ordenó la consolidación del caso PO2023CV01350 con el caso GY2023CV00065 mediante *Resolución* del 10 de mayo de 2023.

Ese mismo día, el TPI dictó una *Resolución* de No Ha Lugar a la solicitud de Entredicho Provisional y calendarizó la Vista de Injunction Preliminar para el 7 de junio de 2023. Además, les concedió a las partes hasta el 31 de mayo de 2023 para:

1. Exponer de forma breve y precisa los hechos pertinentes en que descansa su razón de pedir, negar o intervenir.

Todos los participantes aunarán esfuerzos para identificar los hechos medulares a la controversia.

2. Formalizar **estipulaciones de hechos y de documentos, anunciar la prueba testifical y documental** a ofrecerse, así como examinar la posibilidad de acuerdos.

3. Deberán en o antes del **miércoles, 31 de mayo de 2023** cargar al Sistema Unificado de Manejo y Administración de Casos (SUMAC) **toda la evidencia documental y testifical, lista de testigos con los resúmenes de su testimonio, que se proponen presentar. Prueba que no esté presentada en el expediente de SUMAC antes de vista no se permitirá para en el desfile de prueba.**

Posteriormente, mediante *Orden* dictada el 26 de mayo de 2023 y a petición del Municipio, se adelantó la Vista de Injunction Preliminar para el 31 de mayo de 2023.

Ese mismo día, Elite Towers solicitó la desestimación de ambas demandas por dejar de exponer una reclamación que justificara la concesión de un remedio. Mediante la primera *Moción de Desestimación*, adujo que el Municipio carecía de prueba que demostrara que la facilidad de telecomunicaciones está localizada en una zona de humedales. Mediante la segunda, alegó que la solicitud de Interdicto Estatutario presentada por los Vecinos carecía de los elementos necesarios para ser considerada. Sostuvo que, realizaron alegaciones infundadas y basadas en especulaciones sin prueba para sustentarlas.

El 26 de mayo de 2023, compareció OGPe y presentó una *Oposición a Petición Interdicto Provisional y Estatutario y Solicitud de Desestimación*. La OGPe sostuvo que Elite Towers contaba con el permiso 2022-451822-PCOC-030128, que este se presumía válido y legal y, a su vez, autorizaba el comienzo de las obras de construcción. Por ende, adujo que los demandantes dejaron de exponer una reclamación que justificara la concesión de un remedio.

Luego, el 30 de mayo de 2023, comparecieron las partes codemandadas, el Gobierno, a través del Departamento de Justicia

de Puerto Rico, y en representación del DRNA. El Gobierno presentó una *Moción de Desestimación* en la cual sostuvo que en las alegaciones del recurso presentado no había alegación, reclamación y/o solicitud en contra del DRNA que justificara la concesión de un remedio a la parte demandante.

Ese mismo día, el TPI dictó una *Orden* anunciando que no resolvería las mociones de desestimación hasta tanto reciba la prueba durante la Vista de Injunction Estatutario.

El 31 de mayo de 2023, las partes comparecieron para la celebración de la Vista de Injunction Preliminar. Durante la vista, los Vecinos presentaron el testimonio de la codemandante, la Sra. Elizabeth Ortiz Orengo. Por otra parte, Elite Towers presentó el testimonio de su presidente, el Sr. Fernando Ortiz Mercado. Además, el permiso de construcción otorgado por la OGPe fue admitido como *Exhibit A*.

El 8 de junio de 2023, la ACT solicitó la desestimación de la demanda incoada en su contra por esta no ser parte indispensable en el pleito. Informó que, realizó una investigación y resultó que la carretera PR-335, a la cual hacen referencia los demandantes, no está bajo la jurisdicción de la ACT.

Durante los días 14 y 15 de junio de 2023, los Vecinos presentaron sus réplicas a las mociones de desestimación. Ante los argumentos de los codemandados respecto a que sus alegaciones dejaron de exponer una reclamación que justificara la concesión de un remedio, argumentaron que no es necesario incluir un pronunciamiento extenso en las alegaciones. De igual manera, señalaron que las alegaciones deben contener situaciones fácticas que permitan dar aviso a la parte demandada de la reclamación en su contra. En síntesis, alegaron que la condición de peligrosidad de la construcción de las facilidades se desprende de las alegaciones. Reiteraron que, supuestamente, las obras se están llevando a cabo

en un humedal, información que no fue divulgada durante la concesión del permiso. Por lo cual, la autorización fue otorgada mediando dolo o engaño y procede su revocación.

Por otra parte, respecto a la solicitud de ACT, los Vecinos argumentaron que la ACT tiene completo control y supervisión sobre todas las facilidades de tránsito o de transportación. Los Vecinos también argumentaron que la ACT tiene la función principal de mantener libre de peligros a las carreteras y que, la construcción de una torre de telecomunicaciones en terreno inestable cerca de una carretera representa un peligro.

El 16 de junio de 2023, el Municipio presentó una moción en la que solicitó enmienda a la Demanda. Adujo haber advenido en conocimiento de que, personal del DRNA había visitado el área de la construcción y, como producto de la visita, rindieron un informe. Así las cosas, solicitaron al TPI que ordenara al DRNA a producir copia del informe y que citara a los funcionarios que lo rindieron.

El TPI resolvió las solicitudes del Municipio ese mismo día, declaró No Ha Lugar la solicitud de enmienda y ordenó al DRNA a expresarse sobre la solicitud de producción de documentos y citación de funcionarios.

El 21 de junio de 2023, DRNA expresó que el 2 de junio de 2023 personal suyo visitó las inmediaciones de la construcción. Señalaron que, a raíz de dicha visita, biólogos del DRNA remitieron comentarios sobre las alegaciones de las demandas. No obstante, alegaron que los comentarios no constituían un Informe Técnico del DRNA. De igual manera, expresaron que la solicitud surgía a base de una solicitud de enmienda a la demanda, la cual fue denegada. Añadieron que, el Municipio era quien tenía el peso de la prueba. Por esta razón, se opusieron a la solicitud del Municipio.

Ante una solicitud de Elite Towers para que no se le permitiera al Municipio la entrada de prueba pericial por no presentarla en el término establecido, el 21 de junio de 2022, el Municipio indicó que:

2. En primer lugar, debemos establecer que **la parte compareciente no se propone presentar prueba pericial** en la vista señalada para el 22 de junio de 2023. Únicamente nos proponemos presentar como prueba el testimonio del Sr. Luis Ramos quien es el Director de Finanzas del Municipio.

3. [...]

4. **Es nuestra conclusión que para cumplir con los elementos del remedio solicitado no es necesaria la presentación de prueba pericial** ya que demostrar que el permiso fue otorgado mediante la utilización de información incorrecta o falsa o que no cuenta con las autorizaciones o permisos correspondientes no se requiere de prueba pericial. (Énfasis suplido).

El 22 de junio de 2023, el TPI emitió una *Orden* resolviendo que, "[a] esta altura de los procedimientos, No Ha Lugar la solicitud del Municipio de citar personal del Departamento de Recursos Naturales".

La Vista sobre Injunction Estatutario continuó el 22 de junio de 2023. Surge de la Minuta que, durante la Vista, el Municipio solicitó reconsideración sobre la denegatoria a la solicitud de citar a los funcionarios del DRNA y la producción de los hallazgos de la investigación realizada por estos. Escuchados los argumentos de las partes, el TPI declaró Sin Lugar la reconsideración. El TPI hizo constar que, el procedimiento era uno extraordinario y expedito e imperaba el Artículo 9.10 de la Ley 161 del 2009.

Durante el desfile de prueba, el Municipio presentó el testimonio del Sr. Luis A. Ramos Feliciano, el Director de Finanzas del Municipio. Por su parte, los Vecinos presentaron el testimonio del codemandante, el Sr. Waldo Muñiz Irizarry.

Culminado el desfile de prueba, Elite Towers presentó una moción de *Non Suit*, a la cual se unió OGPe, DRNA, el Gobierno y ACT. Elite Towers argumentó que, la parte demandante no pudo

demostrar su caso mediante la prueba presentada, y, por lo tanto, procedía su desestimación.

El 20 de julio de 2023, el TPI emitió una *Sentencia,* a través de la cual: (1) dictó No Ha Lugar las solicitudes de Injunction Estatutario; (2) desestimó con perjuicio las causas de acción, e; (3) impuso a cada parte demandante honorarios de abogado por $1,000.00.

Insatisfechos con el dictamen, el 3 de agosto de 2023, los Vecinos presentaron una *Moción de Reconsideración* mediante la cual solicitaron reconsideración y determinaciones de hechos adicionales. El 8 de agosto de 2023, el TPI declaró No Ha Lugar la solicitud de los demandantes.

Los Vecinos recurrieron ante esta Curia mediante *Apelación Civil* presentada el 4 de octubre de 2023, clasificada alfanuméricamente como KLAN202300883. Alegan la comisión de los siguientes errores:

> **Erró el TPI al dictar sentencia declarando No Ha Lugar la solicitud de Injunction Estatutario en virtud del Artículo 14.1 de la Ley 161-2009, según enmendada, toda vez que la construcción de la antena se hizo de manera ilegal por estar ubicada en las inmediaciones de un humedal y construirse en coordenadas distintas a las notificadas durante el proceso de obtención de permiso de construcción.**
>
> **Erró el TPI al incurrir en un error extraordinario y sustancial al declarar No Ha Lugar la solicitud para que los funcionarios del DRNA fueran citados a declarar sobre la investigación realizada en el área donde fue instalada la antena de comunicaciones y al no emitir orden para que el DRNA notificara el informe redactado por dichos funcionarios.**
>
> **Erró el TPI, al imponer el pago de honorarios de abogado por la cantidad de $1,000.00 dólares a los apelantes: el Sr. Waldo Irizarry Muñiz, el Sr. José Alfredo Rodríguez Morales y la Sra. Elizabeth Ortiz Orengo, por no existir temeridad y en contravención a lo establecido en la Ley Núm. 122 de 9 de junio de 1967, según enmendada, mejor conocida como la Ley para Eximir de Toda Clase de Aranceles a la Corporación de Servicios Legales de Puerto Rico y otras entidades análogas.**

Por otra parte, el Municipio acudió ante nosotros mediante *Apelación* presentada el 10 de octubre de 2023, clasificada alfanuméricamente como KLAN202300897. Realiza el siguiente señalamiento de error:

> **Respetuosamente planteamos que erró y abusó de su discreción el Honorable Tribunal de Primera Instancia al declarar NO HA LUGAR la petición del Municipio de Guayanilla de que se ordenara la comparecencia de funcionarios del Departamento de Recursos Naturales y Ambientales para que declararan sobre los hallazgos de la visita o inspección el 2 de junio de 2023 al lugar de construcción; y que produjeran su informe, comentarios o documentos pertinentes al caso de epígrafe.**

A su vez, solicita que se devuelva el pleito ante el TPI y se ordene la comparecencia de los funcionarios del DRNA y se celebre la Vista en su fondo.

Por solicitar la revisión de una misma Sentencia, ambos recursos fueron consolidados mediante *Resolución* del 17 de octubre de 2023.

El 10 de noviembre de 2023, ACT presentó una *Moción de Desestimación* solicitando que se desestime el recurso en su contra y se exima de futuras comparecencias. Además, expuso que el pleito se ha tornado académico debido a que Elite Towers ha completado las obras de construcción.

Posteriormente, el 16 de noviembre de 2023, OGPe presentó su alegato en oposición. La OGPe argumenta que los apelantes presentaron alegaciones ante el TPI sin pruebas para sustentarlas. Añade que, los permisos expedidos por esta se presumen legal y correctos y que, los apelantes no presentaron evidencia para rebatir esta presunción

El 27 de noviembre de 2023, el Municipio presentó su oposición a la moción de desestimación presentada por la ACT. Ante el reclamo de que la causa de acción se tornó académica, expone que no se ha presentado evidencia al respecto de que Elite Towers

haya culminado las obras de construcción. En la alternativa, señala que, de haberlas terminado, existen otros remedios que el Tribunal puede conceder al amparo del Art. 14.1 de la Ley 161-2009.

Ese mismo día, el Gobierno presentó su alegato en oposición. Argumenta que, los apelantes no han demostrado que el foro primario incurrió en prejuicio, parcialidad o error manifiesto al negarse a ordenar la comparecencia de funcionarios del DRNA y la presentación del escrito con sus hallazgos, ni al determinar que carecía de mérito la causa de acción a la luz de la apreciación de la evidencia presentada. Además, expone que, tampoco han colocado a este Tribunal en posición de resolver, ya que no han presentado la transcripción de la prueba oral.

Luego, el 29 de noviembre de 2023, Elite Towers presentó su alegato en oposición y, en conjunto, una solicitud de desestimación. Respecto al recurso presentado por el Municipio, señala que, procede su desestimación, ya que carece de una relación concisa entre los hechos relacionados a la controversia, el derecho citado y el error señalado.

Por otro lado, respecto al recurso presentado por los Vecinos, sostiene que, se presume la corrección y legalidad de los permisos otorgados por la OGPe. Ante la falta de prueba que rebatiera esta presunción, Elite Towers contaba con un permiso válido para llevar a cabo la construcción de las facilidades de telecomunicación.

Revisados los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

## II.

### A. Ley para la Reforma del Proceso de Permisos de Puerto Rico

La Ley Núm. 161-2009, conocida como la *Ley para la Reforma del Proceso de Permisos de Puerto Rico,* según enmendada, 23 LPRA sec. 9011 *et seq.,* se aprobó con el fin de establecer el marco legal y

administrativo que regiría en la solicitud, evaluación, concesión y denegación de permisos de construcción que inciden en el desarrollo económico del Estado Libre Asociado de Puerto Rico.

En lo aquí pertinente, el Artículo 9.10 de la Ley núm. 161-2009, 23 LPRA sec. 9019i, dispone:

> **Se presume la corrección y la legalidad de las determinaciones finales y de los permisos expedidos por la Oficina de Gerencia de Permisos**, por el Municipio Autónomo con Jerarquía de la I a la V y por los profesionales autorizados. No obstante, cuando medie fraude, dolo, engaño, extorsión, soborno o la comisión de algún otro delito en el otorgamiento o denegación de la determinación final o del permiso, o en aquellos casos en que la estructura represente un riesgo a la salud o la seguridad, a condiciones ambientales o arqueológicas, la determinación final emitida y el permiso otorgado por la Oficina de Gerencia de Permisos, por el Municipio Autónomo con Jerarquía de la I a la V o por el profesional autorizado, deberá ser revocado. La estructura se podrá modificar, conservar o demoler, solo después de que un tribunal competente así lo determine y siguiendo con el procedimiento judicial establecido en las secs. 9024 a 9024e de este título, además de cumplir con el debido proceso de ley. [...] (Énfasis suplido).

En virtud de la Ley 161-2009, fue creado el *Injunction* Estatutario. El Artículo 14.1, 23 LPRA sec. 9024, dispone:

> La Junta de Planificación, así como cualquier Entidad Gubernamental Concernida, Municipio Autónomo con Jerarquía de la I a la V o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico en representación del interés público o **una persona privada, natural o jurídica, que tenga un interés propietario o personal que podría verse adversamente afectado, podrá presentar una acción de injunction**, mandamus, sentencia declaratoria, o cualquier otra acción adecuada **para solicitar: 1) la revocación de un permiso otorgado, cuya solicitud se haya hecho utilizando información incorrecta o falsa**; 2) la paralización de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado; 3) la paralización de un uso no autorizado; 4) la demolición de obras construidas, que al momento de la presentación del recurso y al momento de adjudicar el mismo no cuenten con permiso de construcción, ya sea porque nunca se obtuvo o porque el mismo ha sido revocado. [...] (Énfasis suplido).

Debido a su naturaleza, el *Injunction* Estatutario es independiente del *Injunction* tradicional y, por consiguiente,

generalmente exento de la normativa aplicable a este último. *Next Step Medical v. Bromedicon et al.*, 190 DPR 474 (2014). Ello, porque los requisitos del *Injunction* tradicional son, de ordinario, más rigurosos que los exigidos para el *Injunction* Estatutario. *Next Step Medical v. Bromedicon et al.*, supra; *CBS Outdoor v. Billboard One, Inc.*, 179 DPR 391, 409 (2010).

En particular, la concesión de un *Injunction* Estatutario requiere un tratamiento especial, enmarcado en un examen o escrutinio judicial más acotado. *Next Step Medical v. Bromedicon et al., supra.* En *ARPe v. Rivera*, 159 DPR 429, 443-444 (2003), el Tribunal Supremo de Puerto Rico expresó, en el contexto de Interdictos Estatutarios y procedimientos especiales como el proscrito en el Art. 14.1 de la Ley Núm. 161-2009, que:

> [C]oncluimos que el mecanismo que provee dicho articulado es estatutario, especial y sumario, **limitado a la obtención de órdenes para la paralización inmediata, provisional o permanente de usos contrarios a la ley**. *A.R.PE. v. Rodríguez*, 127 DPR 793, 808-809 (1991). (Énfasis suplido).

El recurso de *injunction* es de carácter discrecional. El peso de la prueba recaerá sobre la parte promovente, quien tendrá la obligación de demostrar al tribunal la ausencia de un remedio adecuado en ley, que es aquel que puede ser otorgado en una acción de daños, una criminal o cualquier otra disponible. *Pérez Vda. Muñiz v. Criado*, 151 DPR 355, 373 (2000).

**B. Imposición de Honorarios de Abogado**

Sobre la imposición de honorarios de abogado, el Art. 14.1 de la Ley 161-2009, *supra*, dispone:

> [....] **El Tribunal impondrá honorarios de abogados contra la parte que presenta el recurso bajo este Artículo si su petición resulta carente de mérito y razonabilidad o se presenta con el fin de paralizar una obra o permiso sin fundamento en ley.** Los honorarios de abogados bajo este Artículo será una suma igual a los honorarios que las otras partes asumieron para oponerse a la petición judicial. [...] (Énfasis suplido).

Por otro lado, la Regla 44.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, concede la facultad de imponer honorarios de abogado en los casos que intervenga temeridad o frivolidad. Nuestra más alta Curia ha definido la temeridad como "una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y administración de la justicia". *Fernández v. San Juan Cement Co. Inc.*, 118 DPR 713, 718 (1987).

Se entiende que un litigante actúa con temeridad cuando "por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010).

La evaluación de si ha mediado o no temeridad recae sobre la discreción sana del tribunal sentenciador y solo se intervendrá con ella en casos en que ese foro haya abusado de tal facultad. *S.L.G. Flores–Jiménez v. Colberg*, 173 DPR 843, 866 (2008). Los tribunales apelativos no deben intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción; que el foro recurrido actuó con prejuicio o parcialidad; que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, o cuando la cuantía impuesta sea excesiva. *P.R. Oil v. Dayco*, 164 DPR 486, 511 (2005).

**III.**

Los primeros dos errores señalados por los Vecinos se discutirán en conjunto con el error señalado por el Municipio. Mediante los referidos errores, los apelantes cuestionan la determinación del TPI de denegar la solicitud de *Injunction* Estatutario y de no ordenarle al DRNA la presentación de la evidencia solicitada por el Municipio.

Según surge de los documentos ante nuestra consideración, el TPI otorgó un término para que todas las partes sometieran la prueba documental y testifical que estarían presentando durante la Vista de *Injunction* Estatutario, hasta el 31 de mayo de 2023. Tardíamente, el 16 de junio de 2023, el Municipio solicitó que el TPI ordenara al DRNA la producción de documentos y la citación de funcionarios que, según el apelante, demostrarían que el área en controversia es un humedal. El TPI denegó la solicitud del Municipio por esta haber sido presentada en una etapa avanzada de los procedimientos.

El procedimiento de *Injunction Estatutario* es uno especial y sumario por su naturaleza. Acoger la solicitud del Municipio, iría en contravención con la naturaleza sumaria del procedimiento, ya que se presentó fuera del término concedido para someter la prueba a desfilar.

Durante las vistas de *Injunction Preliminar* y de *Injunction* Estatutario, el Municipio únicamente presentó el testimonio del Director de Finanzas del Municipio para sustentar sus alegaciones. De igual manera, los Vecinos solo presentaron el testimonio de los codemandantes, el Sr. Waldo Muñiz y la Sra. Elizabeth Ortiz. La prueba desfilada por los demandantes no logró demostrar que el área era un humedal. Ante la insuficiencia de prueba desfilada por los promoventes, los codemandados presentaron una moción *non suit*.

Cuando se solicita un *Injunction* Estatutario, el peso de la prueba recae sobre el promovente. Al existir un permiso de construcción expedido por la OGPe, le correspondía al Municipio y a los Vecinos presentar evidencia que rebatiera la presunción de corrección y legalidad de la autorización. Los apelantes no podían descansar en prueba presentada por las demás partes para probar que el permiso fue otorgado utilizando información falsa o

incorrecta. Durante la Vista de *Injunction* Estatutario, ninguna de las partes demandantes logró evidenciar que el área de terreno utilizado para la construcción de las facilidades de telecomunicación era un humedal, según alegado.

Por ende, el TPI no cometió un error al denegar la solicitud de *Injunction* Estatutario. De otra parte, los apelantes no pudieron demostrar que el foro primario haya incurrido en perjuicio, parcialidad o error manifiesto al negarse a ordenar la comparecencia de los funcionarios del DRNA y la presentación de su informe. La solicitud del Municipio fue una tardía, tomando en consideración la naturaleza sumaria y expedita del proceso.

Resulta menester destacar que, los Vecinos también señalan en su primer error que las facilidades se están construyendo en coordenadas distintas a las notificadas durante el proceso de obtención del permiso de construcción. De entrada, notamos que este asunto no fue discutido por el TPI en la Sentencia apelada. Tampoco surge de los documentos ante nuestra consideración que dicha alegación haya sido presentada ante el TPI. Por lo que estamos impedidos de pasar revisión sobre ello.

Por otro lado, los Vecinos señalan que erró el TPI al ordenarles el pago de honorarios de abogado. En primer lugar, los Vecinos argumentan que, se encuentran representados por Servicios Legales de Puerto Rico y que, en consecuencia, están exentos del pago de honorarios de abogado.

Los Vecinos fundamentan su argumento en la Ley Núm. 122 de 9 de junio de 1967, según enmendada, conocida como la *Ley para Eximir de Toda Clase de Aranceles a la Corporación de Servicios Legales de Puerto Rico y otras Entidades Análogas*. Sobre Servicios Legales de Puerto Rico, el Art. 1 dispone que dicha corporación estará exenta de lo siguiente:

[...] en todo lo que fuere pertinente al desempeño de sus funciones y logros de sus objetivos o cuando sea necesario para el trámite de los casos o asuntos en que estuvieren interviniendo a beneficio de las personas a quienes están prestando servicios legales gratuitos, del pago de toda clase de derechos, aranceles, contribuciones o impuestos de cualquier naturaleza dispuestos por las leyes vigentes para la tramitación de procedimientos judiciales y la expedición de certificaciones en los centros del Gobierno Estatal, incluyéndose el sello forense y los impuestos notariales.

Esta pieza legislativa **exime a la Corporación de Servicios Legales** del pago de aranceles para los asuntos que estuviere interviniendo a beneficio de las personas a las que representa. Siendo así, solo la corporación y **no los clientes,** son los que están exentos de la imposición de pagos en concepto de honorarios de abogado, costas o gastos del litigio.

En la alternativa, argumentan que no procede la imposición de honorarios porque no incurrieron en temeridad.

Al condenar a los Vecinos al pago de honorarios de abogado, el TPI expresó:

A su vez se condena a las partes demandantes el Sr. Waldo Muñiz, Sr. José Alfredo Rodríguez Morales y Sra. Elizabeth Ortiz Orengo al pago honorarios de abogado **tras instar una acción legal carente de prueba y de méritos en busca de paralizar una obra o permiso de construcción sin fundamento en ley tal y como provee el Artículo 14.1 de la Ley 161-2009** en dichas situaciones. (Énfasis suplido).

El pago de los honorarios de abogado impuesto a los Vecinos fue bajo el Art. 14.1 de la Ley 161-2009. El referido Artículo establece que se impondrán honorarios cuando la petición resulte carente de mérito y razonabilidad o si fue presentada con el fin de paralizar una obra o permiso sin fundamento en ley. A diferencia de la Regla 44.1 de las de Procedimiento Civil, al presentar una petición de *Injunction* Estatutario, no será requisito la existencia de temeridad para imponer honorarios de abogado a la parte perdidosa. Bastará con que la petición haya sido presentada sin fundamento en ley.

Por todo lo cual, el TPI no erró al condenar a los apelantes al pago de honorarios de abogado por la cantidad de $1,000.00. No surge que la cuantía impuesta sea irrazonable o excesiva.

**IV.**

Por los fundamentos expuestos, se *confirma* la Sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones